# Bell *versus* Young.

1. The existence and amount of a note was proved, also the death of the payee, and by his widow that all his papers passed into the hands of D., his executor, and that she had never seen the note. Also the death of D., the executor, and proof by his son that he had charge of his papers, and that the note could not be found, *Held*, to be competent evidence to go to the jury to say whether the note was given at the time, and for the amount claimed, and whether it was lost.

2. A note once proved to exist is presumed to exist still, unless payment be shown, or other circumstances, from which a stronger counter presumption arises.

3. When diligent search has been made unsuccessfully, for a paper by the person in whose hands the law presumes it to be, it is in judgment of law a lost paper, and secondary evidence of its contents is admissible.

4. It is not necessary for a creditor to prove that a debt evidenced by a lost paper is not paid. The *onus probandi* rests on him who alleges it.

ERROR to the Court of Common Pleas of *Indiana county*.

The facts of the case sufficiently appear in the opinion of the court delivered December 11, 1854, by

WOODWARD, J.—This is an action on a lost note of hand, which the defendant signed as surety for one George Silvers, who purchased goods at the vendue of the personal property of Walter Bell, deceased, on the 2d November, 1848, to the amount of $72.55¾. The purchase of the goods was proved by the clerk of the sale, and the making of the note was proved by the testimony of the defendant himself, taken in another suit, where he swore, "Silvers gave a note to Mr. Douglass," (a co-executor of Walter Bell,) "at his store, and I bailed him, the amount I can't remember, it was about $80, it was above $70." The existence of the note and its consideration being thus established, Mrs. Bell proved that all her husband's papers passed into the hands of Mr. Douglass, and that she had never seen the note. Douglass having died, his son who has charge of his papers proved a thorough search for the note, and that it could not be found.

On this state of facts, what less could the court do than admit secondary evidence of the contents of the note, and refer it to the jury to say whether the note was given to the executors at the time, and for the amount claimed, and by them lost? A note once proved to have existed is presumed to exist still, unless payment be shown, or other circumstances from which a stronger counter presumption arises. It is not necessary for the creditor

to prove that the debt is *not* paid or discharged. The burthen of showing that it is, rests on him who alleges it. And when diligent search has been made, unsuccessfully, for a paper by the person in whose hands the law presumes it to be, it is in judgment of law a lost paper, and secondary evidence is admissible of its contents. As to the degree of certainty required in secondary evidence, the law has no rule except that it need not be a copy of the lost instrument. The contents are to be proved to the satisfaction of the jury, and this may be done either by a copy or by parol. The medium of proof being judged of by the court, its measure and satisfactoriness are for the jury. Here the plaintiff claimed that the note was for $80, the proof was that it was about $80, above $70. There was no error in submitting such evidence to the jury; and that they did not err to the prejudice of the defendant is shown by their verdict, which was for a sum less than the amount of the vendue purchase and interest.

On the whole, we see no error in the ruling below, and the judgment is affirmed.